

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

## No. 07-17-00357-CR

---

### LEE ALAN MOSIER, APPELLANT

### V.

### STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 27799B, Honorable John Board, Presiding

---

## July 9, 2018

## MEMORANDUM OPINION

### Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Lee Alan Mosier appeals from a final judgment memorializing his conviction for being a felon in possession of a firearm. The purported firearm was a flare gun discovered on the floorboard of a vehicle wherein he slept. Two issues pend for our review. Both involve the legal sufficiency of the evidence to support his conviction. Appellant contends that the evidence was legally insufficient to establish beyond reasonable doubt that he possessed the flare gun and that a flare gun is a firearm. We affirm.

In assessing the legal sufficiency of the evidence to support a conviction, we view all the evidence in a light most favorable to the verdict to decide whether any rational fact-finder could find the essential elements of the crime beyond reasonable doubt. *Reynolds v. State*, 543 S.W.3d 235, 241 (Tex. Crim. App. 2018). This standard controls our review here.

First, we address whether the State proved a flare gun is a firearm. A "firearm" is defined as "any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use." TEX. PENAL CODE ANN. § 46.01(3) (West Supp. 2017). We initially note that a sister court of appeals has recognized a flare gun to be a firearm. *Bradley v. State*, No. 08-12-00055-CR, 2013 Tex. App. LEXIS 13386, at *4-5 (Tex. App.—El Paso Oct. 30, 2013, no pet.) (mem. op., not designated for publication) (stating that the "State concedes that a flare gun is a device that is made to expel a projectile (the flare) through a barrel using the energy generated by an explosion or burning substance, and therefore, a flare gun is a firearm under Texas law"). Furthermore, an officer who testified at appellant's trial not only stated that he was familiar with the definition of a firearm but also that a flare gun comes within that definition. So too did he describe how the hammer of the gun strikes a primer within the shell when the trigger is pulled resulting in the ignition within and expulsion from the barrel of burning magnesium. The fact-finder was also told by this witness that 12-gauge shotgun shells could be fired from the device, as well as other bullets upon slight modification of the gun. This evidence is more than sufficient to enable a rational fact-finder to conclude beyond reasonable doubt that the flare gun was "designed, made, or adapted to expel a projectile through a barrel by using the energy

2

generated by an explosion or burning substance or any device readily convertible to that use," i.e., that it was a firearm.

Regarding the matter of possession, it "means actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(39). Thus, to prove possession, the State must prove that the accused exercised control, management, or care over the item in question. *See Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016) (involving the possession of a controlled substance and stating that "the State had to show that Tate (1) exercised control, management, or care over the substance in question and (2) that he knew that the substance was contraband"). The evidence at bar discloses that appellant was sleeping in a vehicle, and when awakened by the police, the flare gun fell from an area adjacent to appellant onto the floor. Furthermore, appellant told an officer that it had been given to him by a friend. Evidence of very close proximity coupled with appellant's admission that it was his device is ample to support a rational fact-finder's inference that appellant exercised actual care, custody, control or management of the flare gun, i.e., that he possessed it.

We overrule appellant's two issues and affirm the trial court's judgment.

Brian Quinn
Chief Justice

Do not publish.

3